UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID EARL JOHNSON | § | |
| | § | |
| Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-315 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner David Earl Johnson is a federal inmate in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Three Rivers, Texas. (D.E. 6 p. 1). He is currently serving a 212-month sentence, following his conviction for possession of a firearm by a convicted felon. (D.E. 6 p. 1). Petitioner, proceeding *pro se*, filed a one-page federal writ of habeas corpus petition pursuant to 28 U.S.C. § 2241, claiming the BOP has incorrectly calculated his sentence. (D.E. 1). Specifically, Petitioner seeks credit from November 24, 2001—when he was transferred from state custody to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*—through August 14, 2002—when Johnson alleges he was returned to state custody.

The pending petition was filed on July 28, 2014. (D.E. 1). On October 1, 2014, Respondent filed a motion to dismiss asserting Petitioner's sentence has been correctly calculated. (D.E. 6). Petitioner failed to file a response by the October 22, 2014 due date but filed a notice of appeal with the United States Court of Appeals for the Fifth Circuit

on January 5, 2015. (D.E. 7, 8). The Fifth Circuit dismissed Petitioner's appeal for lack of appellate jurisdiction on April 23, 2015. (D.E. 11). On May 7, 2015, Petitioner was ordered to respond to the pending Motion to Dismiss on or before May 29, 2015. (D.E. 12). To date, Petitioner has not filed a response.

For the reasons set forth below, it is respectfully recommended that Respondent's Motion to Dismiss be **GRANTED**.

## I. BACKGROUND

Petitioner was arrested in McLennan County, Texas on August 28, 2001 for the offense of assault causing bodily injury. (D.E. 6 p. 3). He was released on bond on November 10, 2001. On November 23, 2001, McLennan County law enforcement officers re-arrested Johnson for aggravated assault, and he remained in their custody until December 11, 2001 when he was temporarily released to federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. (D.E. 6 pp. 3-4). He remained "on loan" to federal authorities until he was sentenced on August 14, 2002 in the United States District Court for the Western District of Texas, to a 212-month term of incarceration and then returned to the custody of Texas state authorities later the same day. (D.E. 6 p. 4).

On December 9, 2002, Petitioner received a 25-year sentence in the 54th District Court, McLennan County, State of Texas. This included credit for the 457 days served between the dates of August 28, 2001, when he was arrested, through November 10, 2001, when he was released on bond, and time served from November 23, 2001, when he

was re-arrested, through December 9, 2002, when Petitioner received the 25-year sentence in state court. (D.E. 6 at 4).

After completing his state sentence, Petitioner was detained pursuant to a federal detainer to commence service of his federal sentence on April 20, 2008. (D.E. 6 p. 4). On November 6, 2009, Chief Judge Walter Smith, Jr. for the United States District Court Western District of Texas ordered Petitioner's federal sentence to run concurrently with his state sentence. (D.E. 1 p. 2). This order was the result of Petitioner's post-sentencing Motion to Receive Federal Back Time. (D.E. 1 p. 2) Based on a computation performed by the BOP, Johnson is scheduled to be released on February 7, 2018. The BOP's computation of Johnson's sentence commenced his 212-month federal sentence on August 14, 2002, the date of its imposition by the federal court in the Western District of Texas. (D.E. 6 p. 5).

Johnson filed this § 2241 petition on July 28, 2014, (D.E. 1). Respondent concedes Petitioner has administratively exhausted the issues raised in his petition. (D.E. 6 p. 5).

## II.     DISCUSSION

### A.     28 U.S.C. § 2241

28 U.S.C. § 2241 provides prisoners a basis for relief if they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Fifth Circuit has routinely recognized that prisoners' claims for sentence credit to federal sentences are properly asserted pursuant to § 2241. *See e.g. Pack v. Yusuff*, 218, F.3d 448, 451 (5th Cir. 2000) (holding that "a sentenced prisoner attacks the

manner in which a sentence is carried out or the prison authorities' determination of its duration."); *United States v. Gabor,* 905 F.2d 76, 77-78 n. 2 (5th Cir. 1990); *United States v. Garcia-Gutierrez,* 835 F. 2d 585, 586 (5th Cir. 1998).

Initially, the Court notes Petitioner has failed to respond to the United States' motion for dismissal, which is considered to be a statement of non-opposition to the motion under the local rules of this Court. S.D. Tex. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). The Motion to Dismiss is deemed unopposed. However, the undersigned has reviewed this matter on the merits and it is clear that dismissal of the § 2241 petition is proper because Petitioner's claim fails on its merits.

### B.   MERITS OF PETITIONER'S CLAIM

Johnson has failed to demonstrate he is entitled to relief, and his petition should therefore be denied on its merits. 18 U.S.C. § 3585 provides:

> (a)   **Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)   **Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>   (1) as a result of the offense for which the sentence was imposed; or
>
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). In calculating a term of imprisonment, the Court is guided by § 3585, and Respondent's Motion to Dismiss should be granted for the following reasons.

Petitioner's federal sentence has been ordered to run concurrently with his state sentence from the date of the federal sentencing hearing. In the current habeas petition, Petitioner claims he has not been properly credited for time spent in detention prior to his federal sentencing, from November 24, 2001 to August 14, 2002. The Supreme Court has held that under § 3585, inmates are not entitled to double credit for time spent in detention prior to sentencing. *United States v. Wilson*, 503 U.S. 329, 333 (2002). Petitioner has been credited 457 days served against his state sentence for the time spent in detention prior to his state sentencing, from August 28, 2001 through November 23, 2001 and from November 23, 2001 through December 9, 2002. (D.E. 6-3 p. 19). Because the time has been credited to his state sentence, Petitioner is not entitled to receive credit for that time applied to his federal sentence. This includes the time spent in temporary federal custody pursuant to the writ of habeas corpus *ad prosequendum*, from November 24, 2001 through August 14, 2002. (D.E. 6 p. 4).

Because it is clear that Petitioner was given credit against his state sentence for the time he spent in federal custody before and after his federal sentencing, he is not entitled to receive credit for that time under 18 U.S.C. § 3585(b). The plain language of § 3585(b) forecloses Petititoner's claim, and he is not entitled to have that time additionally credited

toward his federal sentence. *See* 28 U.S.C. § 3585 (credit is given only for time served "that has not been credited against another sentence").

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Respondent's Motion to Dismiss (D.E. 6) be **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (D.E. 1) be **DISMISSED WITH PREJUDICE**.

ORDERED this 10th day of June, 2015.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).